163 N.J. Super. 107 (1978)
394 A.2d 360
GEORGE HARMS CONSTRUCTION COMPANY, PLAINTIFF-RESPONDENT,
v.
OCEAN COUNTY SEWERAGE AUTHORITY, DEFENDANT-RESPONDENT, AND SOMERSET VALLEY CONSTRUCTION CO., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1978.
Decided October 16, 1978.
Before Judges LYNCH, CRANE and HORN.
Mr. Richard K. Rosenberg argued the cause for appellant (Messrs. Rosenberg & Waldman, attorneys).
*108 Mr. Theodore W. Geiser argued the cause for plaintiff-respondent (Messrs. Connell, Foley & Geiser, attorneys; Mr. Thomas S. Cosma, on the brief).
Mr. George R. Gilmore argued the cause for defendant-respondent (Messrs. Hiering, Grasso, Gelzer & Kelaher, attorneys; Mr. Richard H. Woods on the brief).
PER CURIAM.
Plaintiff, second lowest bidder on a contract for construction of a sewer interceptor for defendant Ocean County Sewerage Authority (OCSA), filed a complaint in lieu of prerogative writs to enjoin OCSA from implementing its conditional award to defendant Somerset Valley Construction Co. (Somerset), the lowest bidder. The trial judge entered judgment in favor of plaintiff, enjoining OCSA from executing the contract with Somerset. Somerset appeals.[1]
The instructions to bidders provided that each bid was to be accompanied by a bid bond issued by a surety "licensed in the State of New Jersey" or by a certified check in the amount of 5% of the amount of the bid. The instructions further provided that a performance bond wherein the surety company be "licensed to do business under the laws of the State of New Jersey" must be provided.
Somerset submitted a bid bond and a performance bond in which the surety was the Standard Indemnity Company (Standard). It is undisputed that Standard was not licensed as a surety to do business in New Jersey. On that ground the trial judge held that Somerset had failed to comply with the instructions to bidders, and such failure constituted a material defect which could not be waived. The judge also rejected Somerset's belated proffer to furnish a qualified surety.
*109 On appeal Somerset contends that the requirement in the specifications that the surety must be licensed and authorized to do business in New Jersey is a mere technicality and therefore could be waived.
We disagree. In Terminal Const. Corp. v. Atlantic Cty. Sewerage Auth., 67 N.J. 403 (1975), it was said:
Essentially this distinction between conditions that may or may not be waived stems from a recognition that there are certain requirements often incorporated in bidding specifications which by their nature may be relinquished without there being any possible frustration of the policies underlying competitive bidding. In sharp contrast, advertised conditions whose waiver is capable of becoming a vehicle for corruption or favoritism, or capable of encouraging improvidence or extravagance, or likely to affect the amount of any bid or to influence any potential bidder to refrain from bidding, or which are capable of affecting the ability of the contracting unit to make bid comparisons, are the kind of conditions which may not under any circumstances be waived. [412; emphasis added]
See also, Pucillo v. New Milford Mayor and Council, 73 N.J. 349, 358 (1977), to the effect that failure to comply with a specification whereby a bidder has lesser bidding expenses than his competitors is a material deviation from the specification and is not waivable.
We consider that the requirement that the surety be licensed to do business in this State is entirely reasonable, for it would insure OCSA that the surety possessed the attributes of responsibility which our statutes require before such authority is granted.
Thus, pursuant to N.J.S.A. 17:31-3, a company to be qualified to act as surety must comply with all requirements of Chapters 17-33 of N.J.S.A. 17:17-1 et seq. which shall be applicable to it. A foreign company shall not be admitted to transact business in this State until it complies with the provisions of N.J.S.A. 17:32-3 which, among other things, requires that such company must file with the Department of Insurance a sworn statement of its financial condition and business; that it must satisfy the Commissioner of *110 Insurance that its condition or methods of operation are not such as would render its operation hazardous to the public or its policyholders in this State, and it must designate the Commissioner of Insurance as its attorney upon whom process may be served. Finally, it must obtain a certificate from the Commissioner that it has complied with all requirements applicable to it.
Further, Standard is organized under the laws of the British West Indies. As a company of a foreign country it shall not be admitted for the purpose of doing business in this State until it has made a deposit with the insurance commissioner or other appropriate officer of a state or states of the United States in a total amount of not less than $200,000 nor less than the capital required of a stock company of this State transacting the same kinds of business. N.J.S.A. 17:32-3.
For these reasons the requirement that the surety be licensed to do business in this State was a material condition of the instructions to bidders and not a mere technicality as urged by appellant. Therefore it could not be waived.
We find no merit in appellant's contention that plaintiff's action was barred by the equitable doctrine of laches. R. 2:11-3(e)(1)(A).
The judgment in favor of plaintiff and against defendants is affirmed.
NOTES
[1] OCSA takes no position on the issues herein, and leaves the matter to the court's decision.